## JACOB v. WESTERN UNION TELEGRAPH CO.

1. TELEGRAPH MESSAGE—BLANK FORM—CONDITIONS.
    Where plaintiff delivered to defendant company a message for transmission, written on a blank form used by another company, on the face of which appeared the words, "Send the following message, without repeating, subject to the terms and conditions printed on the back hereof, which are hereby agreed to," and defendant transmitted the message, plaintiff was bound by the conditions. *Birkett* v. *Telegraph Co.*, 103 Mich. 361, followed.

2. SAME—NOTICE TO OPERATOR—SPECIAL CONTRACT.
    Evidence that plaintiff, on delivering a telegram to a messenger who had come for it, stated that he wished it to be at its destination by a certain hour, and that the messenger so noti-

fied the operator who transmitted it, is insufficient to establish a special contract to deliver the telegram within the time specified,— particularly where the printed conditions on the telegraph blank were coupled with a provision that they could not be varied by any employé of the company. *Rudell* v. *Transit Co.*, 117 Mich. 568, distinguished.

3. SAME—DELAY—DAMAGES.

On delivery of a telegram to defendant's operator at Detroit to be transmitted to New York without repeating, but with a request that it be at its destination by a certain hour, the operator sent the message to Buffalo, to be there repeated to New York, and the message was delayed at Buffalo by reason of a severe storm which had prevailed throughout New York State and interrupted defendant's wires, but of which the operator at Detroit was ignorant. *Held*, that, in the absence of instructions to repeat the message, defendant, through its agent in Buffalo, was not charged with knowledge of its urgency, so as to render it liable to the sender for damages sustained by reason of the delay.

Error to Wayne; Brooke, J. Submitted May 13, 1903. (Docket No. 63.) Decided February 16, 1904.

Case by Abram Jacob against the Western Union Telegraph Company for delay in transmitting a message. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Bowen, Douglas, Whiting & Murfin*, for appellant.

*C. A. Kent*, for appellee.

MONTGOMERY, J. On the 10th of September, 1900, plaintiff wrote a broker in New York to buy him a car of lemons. On the 12th of the same month plaintiff desired to reduce this order, and so sent by defendant a telegram to buy only 60 boxes. This telegram was delivered in Detroit at a quarter before 8 or a quarter before 9 in the morning. The telegram was sent to the office of defendant by a messenger boy, who gave notice that plaintiff wished the message to be in New York by 11 a. m. The message was sent without delay to Buffalo, but was there

delayed by a storm which interrupted communication with New York, so that it was not received in New York until after the time mentioned, and until the broker had bought the car load according to the letter of the 10th. The operator in Detroit knew nothing of this storm. There was a loss on these lemons, for which suit is brought. The telegram was on one of the usual telegraph blanks. The court left the case to the jury, and a verdict was returned for plaintiff. Defendant moved that the verdict be set aside and a verdict entered for defendant, under a stipulation that this might be done if the court changed his opinion. The court directed a verdict to be entered for defendant. There are several assignments of error, but all depend on the question whether or not the case was properly taken from the jury.

The verdict was rightly directed, unless the plaintiff can maintain one of three contentions: *First.* It is said that the plaintiff was not bound by the conditions printed upon the back of the telegram sent, as the blank used was a Postal telegraph blank, and the regulations did not purport to be regulations of the defendant company. *Second.* It is said that there was a special contract to deliver the message in New York at 11 o'clock. *Third.* It is claimed that there was gross negligence in failing to notify the plaintiff that the wires were down east of Buffalo, so that the plaintiff might have sent his message by a different route. We pursue the order adopted by plaintiff's counsel in considering the questions raised.

1. Upon the face of the telegram sent appeared the following:

"Send the following message, without repeating, subject to the terms and conditions printed on the back hereof, which are hereby agreed to."

It is immaterial by whom these regulations were made. It is clear that they were agreed to. To say that they were not is in effect to say that no request was made to *defendant* company to send this telegram at all, because

it was written on a blank of the Postal Company. The rights of the respective parties must therefore be determined by the rule laid down in *Birkett* v. *Telegraph Co.*, 103 Mich. 361 (61 N. W. 645, 33 L. R. A. 404, 50 Am. St. Rep. 374).

2. As to the plaintiff's contention that there was a special contract, we think that, if we leave aside any question of authority of the agent to enter into such a contract as claimed, the evidence fails to establish a contract. What was said by plaintiff to the messenger, and by him repeated to the operator, was that the telegram must be in New York by 11 o'clock; but it is a far stretch to say that this was more than notice of a desire for promptness, when it appears that, as a part of the same contract, no employé is authorized to vary the company's regulations. The circuit judge was clearly right in holding that the case is to be distinguished from *Rudell* v. *Transit Co.*, 117 Mich. 568 (76 N. W. 380, 44 L. R. A. 415).

3. The third contention is so well answered by the opinion of the circuit judge that we adopt his reasoning:

"It appears that, during the night preceding the morning in question, a severe storm had prevailed throughout New York State, and that, as a consequence of said storm, many wires of the defendant company were interrupted. It does not appear, however, that, at the time the message was received by the operator in Detroit for transmission to New York, the operator had any personal knowledge of the difficulty, unless it can be said that he was chargeable with said knowledge by reason of the fact that, when he attempted it, he was unable to secure immediate through connection with New York City. His testimony is that he did not know of the difficulty east of Buffalo, and that, while he usually sent messages direct to New York, it was nevertheless an ordinary method of transmission that he adopted when he sent the message to Buffalo, to be there repeated to New York. No knowledge that the message was delayed in Buffalo seems to have reached the operator in Detroit, and, in the absence of instructions to repeat the message, it seems to me that the company, through its agent in Buffalo, was not charged with any knowledge of its urgency, such as would make it liable for damages by

reason of the delay. The case in this regard is almost a parallel one with the case of *Birkett* v. *Telegraph Co.*, 103 Mich. 361 (61 N. W. 645, 33 L. R. A. 404, 50 Am. St. Rep. 374). In that case our Supreme Court held that the negligence of the operator in Dearborn was not such gross negligence as would entitle the plaintiff to recover, and that the fact that the plaintiff had not requested the message to be repeated relieved the operator in Detroit from the necessity of notifying the plaintiff of the fact that Dearborn could not be reached by him. The case of *Fleischner* v. *Cable Co.*, 55 Fed. 738, is authority for the charging of the defendant company with gross negligence where its operator receives a message for transmission, well knowing at the time that its lines are down, and not knowing how long a time will intervene before they will be put in condition, there being at the same time a known method of transmission which was in order."

The judgment is affirmed.

MOORE, C. J., GRANT and HOOKER, JJ., concurred. CARPENTER, J., did not sit.